UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROBERTA RENEE DALTON,           )
                                )
    Plaintiff                   )
                                )
v.                              ) 2:11-cv-00305-GZS
                                )
LAURA LEE R. REID, et al.,      )
                                )
    Defendants                  )

**RECOMMENDED DECISION**

On August 9, 2011, Dalton filed her initial complaint in this court. The complaint named "two older siblings" as defendants, Laura Lee Reid of Martha's Vineyard, Massachusetts, and Alexandria V J Seyfort of Damascus, Maryland. The dispute seemed to center on an alleged inheritance that Dalton believed she should have received from her two deceased uncles. (Doc. No. 1.) The original complaint did not indicate the amount in controversy, although the civil cover sheet said "billions of $$." (Doc. No. 2.) However, in Dalton's corrected in forma pauperis pleading, she does indicate that upon her mother's death she received $10,000 from Laura Lee Reid and learned that a savings account existed in Martha's Vineyard. According to Dalton, Reid told her this was an "either or deal." (Doc. No. 6.)

On two occasions I have given Dalton leave to file an amended complaint that would set forth a basis for federal jurisdiction. (See Doc. Nos. 4 & 10.) Dalton has filed a mishmash[1] of additional documents, including a corrected complaint (Doc. No. 6) which launches into an explanation of how her ex-husband and others, including physicians, have violated her civil rights. She also filed a police incident report relating to the theft of her wallet. (Doc. No. 8-1.)

---

[1] On August 22, 2011, Dalton also filed a second lawsuit against her bank, relating to mismanagement of her account. Dalton v. University Credit Union, 2:11-cv-00318-DBH (D. Me.). I mention the second lawsuit only by way of background.

Finally, in response to the order to show cause that I issued, Dalton filed the items found at Doc. No. 11. She basically returned my Order to Show Cause (Doc. No. 11-2) with her personal notations and provided another letter (Doc. No. 11) expressing what I gather to be her dissatisfaction with my management of her case.

Without a federal claim, there is no federal jurisdiction under 28 U.S.C. § 1331, the jurisdictional provision for federal claims. This probate matter involving a dispute among siblings does not involve a federal question that I am able to discern. Federal jurisdiction, must thus be premised upon diversity of citizenship, see 28 U.S.C. § 1332, which requires both complete diversity and a specified amount in controversy. It appears that both defendants reside in states other than Maine, satisfying the first prong of the statutory provision. However, in order for this court to exercise jurisdiction over this claim the amount in controversy must be in excess of $75,000.00. 28 U.S.C. § 1332 (a). The amount in controversy appears tethered to a $10,000.00 inheritance, far below the jurisdictional limits. Dalton has been given two opportunities to amend her complaint to bring it into conformity with the requirements of this court. She has been unable to do so. At this point, in my opinion, the court has no alternative but to dismiss her complaint for lack of subject matter jurisdiction.

With respect to an in forma pauperis action such as this, the United States Congress has directed: "[T]he court shall dismiss the case at any time if the court determines that -- … (B) the action…-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citing Franklin v.

Murphy, 745 F.2d 1221, 1226 (9th Cir. 1984)); accord Denton v. Hernandez, 504 U.S. 25, 33 (1992).  In a case such as this one, where federal jurisdiction has not been properly invoked in the pleadings, and thus this court lacks subject matter jurisdiction, it is appropriate to engage the mechanism of a sua sponte dismissal for failure to state a claim.  Although Dalton earnestly beseeches the court to investigate her various claims and create a federal case for her, that is not the role of this court and I respectfully recommend that the most appropriate course of action is to summarily dismiss this pleading.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 7, 2011.